MICHAEL R. SCOLNICK (MS9984)
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone (845) 354-9339
Facsimile (845) 365-1506
*Attorneys for Plaintiff*

**ECF CASE**

PLAINTIFF DEMANDS A TRIAL BY JURY

United States District Court
Southern District of New York

Civil Action No.
07 Civ 6795 (KMK)(DCF)

SHAWN CADLETT (a/k/a/ SEAN CADLETT)

      Plaintiff,

    -against-

CITY OF NEW YORK, the NEW YORK CITY DEPARTMENT OF CORRECTIONS, "JOHN DOE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action; and "RICHARD ROE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action.

      Defendants

COMPLAINT FOR DAMAGES-
False Imprisonment
Unlawful Detention
Illegal Search and Seizure
42 U.S.C. 1983, 1985

**PRELIMINARY STATEMENT**

1. This is an action for monetary damages (compensatory and punitive) against CITY OF NEW YORK (hereinafter, CITY), the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter CORRECTIONS), the entity, agency, department or division responsible for supervising and employing the officers, agents, servants and/or employees responsible for

      the unlawful over-detention, unlawful imprisonment, unlawful search and seizure and deprivation of the right to due process of plaintiff, SHAWN CADLETT, and "JOHN DOE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action (hereinafter "DOE"); and "RICHARD ROE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action (hereinafter "ROE").

2. From on or about August 31, 2006 to September 14, 2006 defendants CORRECTIONS, CITY, and DOE and ROE, One through Five, acting individually and in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false imprisonment, unlawful over-detention, illegal search and seizure and deprivation of his right to due process.

### JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Section 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under the Constitution, statutes and common law of the State of New York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

4. Venue is laid within the United States District Court for the Southern District of New York

in that the defendant is located within, and a substantial part of the events giving rise to the claim occurred within, the boundaries of the Southern District of New York, in the County and Borough of the Bronx

**PARTIES**

5. Plaintiff, SHAWN CADLETT was and is a citizen of the United States and at all times relevant hereto was in the County of Bronx, and State of New York.

6. Defendant CITY was at all times relevant hereto, a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and the laws of the State of New York.

7. Defendant CORRECTIONS was at all times relevant hereto, a subdivision, department or agency of Defendant CITY.

8. The NEW YORK CITY DEPARTMENT OF CORRECTIONS and its officers, agents servants and/or employees, were, at all times relevant hereto, employees of Defendant CITY, duly appointed and acting as officers, agents, servants and/or employees of defendant CITY, acting in the course and scope of their employment as such and in furtherance of the interests and business of their said employer.

9. Defendants DOES were at all times relevant hereto, employees of the NEW YORK CITY DEPARTMENT of CORRECTIONS.

10. Defendants ROES were at all times relevant hereto, employees of the New York State Division of Parole.

11. At all times mentioned herein, the individual defendants and their officers, agents, servants

and/or employees were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY and the State of New York.

## NOTICE OF CLAIM

12. Within 90 days following the successful termination of the detention of plaintiff arising from this incident, plaintiff, pursuant to Section 50-e of the New York State General Municipal Law, filed written Notice of Claim with Defendant. This matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On or about September 13, 1999, plaintiff SHAWN CADLETT was sentenced to a term of imprisonment of not less than three nor more than six years with a maximum expiration date of his incarceration to be on August 31, 2006.

14. Plaintiff SHAWN CADLETT was paroled on October 8, 2004.

15. On or about June 6, 2006 plaintiff CADLETT was re-detained by defendants CITY and CORRECTIONS for an alleged parole violation.

16. By on or about August 31, 2006, plaintiff CADLETT's maximum expiration date, a final parole revocation hearing had not yet been held.

17. On the maximum expiration date of August 31, 2006, plaintiff SHAWN CADLETT demanded his release of defendants CITY and CORRECTIONS and their officers, agents, servants and/or employees.

18. On or about August 31, 2006, and for about fourteen days thereafter, defendants CITY and CORRECTIONS and their officers, agents, servants and/or employees, and defendants DOE

and ROE, failed and refused to release plaintiff CADLETT from custody.

19. From on or about August 31, 2006 to on or about September 14, 2006, defendants CITY, CORRECTIONS and their officers, agents, servants and/or employees, and defendants DOE and ROE continued to fail and refuse to release plaintiff CADLETT, thus falsely imprisoning and over-detaining CADLETT and subjecting him to repeated illegal strip searches of his person (illegal because, at least, he was being held illegally) and searches of his property, without just, reasonable, lawful or proper cause to over-detain, falsely imprison and search him.

20. Upon information and belief, defendants CITY, CORRECTIONS and their officers, agents, servants and/or employees, and defendants DOE and ROE continued to fail and refuse to release plaintiff CADLETT, thus falsely imprisoning, over-detaining and illegally strip searching CADLETT without just, reasonable, lawful or proper cause.

21. Upon information and belief, defendants CITY, CORRECTIONS and their officers, agents, servants and/or employees, and defendants DOE and ROE, with deliberate disregard for proper, lawful, appropriate, correct, and effective behaviors and procedures, imprisoned, over-detained and illegally strip searched plaintiff SHAWN CADLETT when it was not right, just, lawful, proper, or necessary to do so.

22. From on or about August 31, 2006 through on or about September 14, 2006, employees of defendant CITY, including CORRECTIONS, and their officers, agents, servants and/or employees, and defendants DOE and ROE, acting in concert, maliciously and with intent to injure plaintiff SHAWN CADLETT, and without just cause or any right to do so, imprisoned, jailed, over-detained and strip searched him and restrained him of his liberty,

against the will of the plaintiff.

23. The over-detention and imprisonment of the plaintiff by the individual defendants was perpetrated by the individual defendants without legal process and without probable cause

24. Defendants acted maliciously and intentionally, negligently and/or grossly negligently.

25. Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts and/or omissions of the defendants, and was unlawfully confined at the George Motchan Detention Center on Rikers Island, located in the County and Borough of the Bronx, with a postal address at 15-15 Hazen Street, East Elmhurst, New York, from August 31, 2006 through September 14, 2006.

26. On or about September 14, 2006, through no act of the defendants whatever, the plaintiff was released from his unlawful confinement and detention.

27. As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

   b. humiliation,

   c. loss of liberty,

   d. violation of his person,

   e. emotional distress and

   f. mental anguish.

28. The actions of the individual defendants violated a clearly established and well settled

federal constitutional rights of plaintiff: Freedom from the unreasonable seizure and/or detention of his person

.

### FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985
### AGAINST INDIVIDUAL DEFENDANTS)

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Defendants DOE and ROE, acting in concert and under the color of state law, have deprived plaintiff SHAWN CADLETT of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1983 and 1985. As a result, plaintiff SHAWN CADLETT claims damages for the injuries set forth above.

### SECOND COUNT
### (FALSE ARREST & IMPRISONMENT)

31. Paragraphs 1 through 30 are incorporated herein by reference. Defendants subjected plaintiff SHAWN CADLETT to over-detention, imprisonment, and deprivation of liberty without probable cause. As a result of the over-detention, imprisonment, and deprivation of liberty, plaintiff SHAWN CADLETT claims damages for the injuries set forth above.

### THIRD COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANT CITY and CORRECIONS
### - *RESPONDEAT SUPERIOR*)

32. Paragraphs 1 through 31 are incorporated herein by reference. Defendants CITY and CORRECTIONS are liable for the damages suffered by the plaintiff SHAWN CADLETT

as a result of the conduct of their officers, agents, servants and employees, under the doctrine of *respondeat superior.* Defendants CITY and CORRECTIONS, by their officers, agents, servants and employees, subjected plaintiff SHAWN CADLETT to over-detention, false imprisonment, embarrassment, shame and public humiliation, and loss of income. As a result plaintiff SHAWN CADLETT claims damages against defendants CITY and CORRECTIONS for the injuries set forth above

### FOURTH COUNT
### (MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY and CORRECTIONS 42 U.S.C. SECTION 1983)

33. Paragraphs 1 through 32 are incorporated herein by reference. Defendants CITY and CORRECTIONS knew or should have known of their officers', employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above. Prior to August 31, 2006, defendants developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Rikers Island facilities, which policies and/or customs caused the violation of plaintiff SHAWN CADLETT's rights. Upon information and belief, it was the policy and/or custom of defendants CITY and CORRECTIONS to ignore an inmate's right to due process, to improperly and inadequately perform the duties of their offices to include record-keeping and maintenance, and acts of misconduct were instead tolerated by defendants CITY and CORRECTIONS, including, but not limited to incidents where defendants CITY and CORRECTIONS and their supervisors, officers, employees, agents, or servants have in the past over-detained, falsely imprisoned and performed illegal strip searches and to cover up and hide their wrongful conduct. It was the policy and/or custom of defendants CITY and CORRECTIONS to fail to take the steps

to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of their officers, employees, agents, or servants. The CITY and CORRECTIONS did not require appropriate in-service training or re-training of officers, employees, agents, or servants who were known to have engaged in misconduct nor to allow them to detect miscalculations or other errors perpetrated by officers of the New York State Division of Parole, such as defendants ROE.

34. As a result of the above described policies and/or customs, officers, employees, agents, or servants of the CITY and CORRECTIONS believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the to the constitutional rights of persons within the correctional system, and were the cause of the violations of plaintiff's rights alleged herein. As a result of the wrongful, deliberately indifferent and illegal acts of defendant plaintiff SHAWN CADLETT claims damages against defendants for the injuries set forth above.

### FIFTH COUNT
### (NEGLIGENCE AND GROSS NEGLIGENCE
### AGAINST DEFENDANTS ROE AND DOE)

35. Paragraphs 1 through 34 are incorporated herein by reference. Defendants DOE and ROE knew or should have known and maintained the policies, procedures and/or customs of their employment/job function and/or capacity, to properly and adequately perform the duties of their offices to include record-keeping and maintenance and not ignore an inmate's right to

due process, namely plaintiff CADLETT's rights.

36. Sometime on or following September 13, 1999, defendants DOE so negligently and grossly negligently carried out the duties of their positions with CORRECTIONS as to cause, suffer and permit the unlawful over detention of plaintiff as herein alleged.

37. Sometime on or following June 6, 2006, defendants DOE so negligently and grossly negligently carried out the duties of their positions with CORRECTIONS as to cause, suffer and permit the unlawful over detention of plaintiff as herein alleged.

38. Sometime on or following September 13, 1999, defendants ROE so negligently and grossly negligently carried out the duties of their positions with the New York State Division of Parole as to cause, suffer and permit the unlawful over detention of plaintiff as herein alleged.

39. Sometime on or following June 6, 2006, defendants ROE so negligently and grossly negligently carried out the duties of their positions with the New York State Division of Parole as to cause, suffer and permit the unlawful over detention of plaintiff as herein alleged.

40. By reason of the negligence and gross negligence of defendants ROE and DOE, plaintiff was deprived of his liberty, falsely imprisoned, wrongfully detained, unlawfully strip searched, over-detained and suffered damage thereby, as elsewhere herein alleged.

**WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Blauvelt, New York
This      day of June, 2007

                                              **Michael R. Scolnick, P.C.**

By: _____
Michael R. Scolnick          MS9984
Attorneys for plaintiff
175 Burrows Lane,
Blauvelt, New York 10913
Phone: (845) 354-9339
Fax:(845) 365-1506
E-Mail: Scollaw@optonline.net