MICHAEL R. SCOLNICK (MS9984)
Michael R. Scolnick, P.C.
175 Burrows Lane
Blauvelt, New York 10913
Telephone (845) 354-9339
Facsimile (845) 365-1506
*Attorneys for Plaintiff*

## United States District Court
Southern District of New York

SHAWN CADLETT (a/k/a/ SEAN CADLETT)

      Plaintiff,

    -against-

CITY OF NEW YORK, the NEW YORK CITY DEPARTMENT OF CORRECTIONS, "JOHN DOE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action; and Senior Parole Officer W. SCOTT, Area Supervisor A.E. PRESTON, Parole Officer "RICHARD" DICKERSON, first name being fictitious, true name unknown to plaintiff, Parole Revocation Specialist D. WHITE, and Supervising Parole Revocation Specialist DOREEN KOSTNER, employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action,

      Defendants.

## ECF CASE

PLAINTIFF DEMANDS A TRIAL BY JURY

Civil Action No.
07 Civ 6795 (RJS)(DCF)

1ST AMENDED COMPLAINT FOR DAMAGES-
False Imprisonment
Unlawful Detention
Illegal Search and Seizure
42 U.S.C. 1983, 1985
(*Amended Material Is Set Out in Bold Italics*)

### PRELIMINARY STATEMENT

1.      This is an action for monetary damages (compensatory and punitive, *except, not punitive against the municipal defendants*) against CITY OF NEW YORK (hereinafter, CITY), the

NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter CORRECTIONS),

the entity, agency, department or division responsible for supervising and employing the officers, agents, servants and/or employees responsible for the unlawful over-detention, unlawful imprisonment, unlawful search and seizure and deprivation of the right to due process of plaintiff, SHAWN CADLETT, and "JOHN DOE One through Five," names being fictitious, true names being unknown to plaintiff, persons intended being those employees of the New York City Department of Corrections whose acts or omissions resulted in the events complained of in this action (hereinafter "DOE"); and *Senior Parole Officer W. SCOTT, Area Supervisor A. E. PRESTON, Parole Officer "RICHARD" DICKERSON, first name being fictitious, true name unknown to plaintiff, Parole Revocation Specialist D. WHITE, and Supervising Parole Revocation Specialist DOREEN KOSTNER,* employees of the New York State Division of Parole whose acts or omissions resulted in the events complained of in this action *(hereinafter collectively known as "the Parole defendants")*.

2.     From on or about August 31, 2006 to September 14, 2006 defendants CORRECTIONS, CITY, and DOE and *THE PAROLE DEFENDANTS*, acting individually and in concert, under color of state laws, intentionally and wilfully subjected plaintiff to, *inter alia*, false imprisonment,  unlawful over-detention, illegal search and seizure and deprivation of his right to due process.


## JURISDICTION

3.     This action is brought pursuant to 28 U.S.C. Section 1331, 1343, and 1367(a), 42 U.S.C. Section 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the

United States, and under the Constitution, statutes and common law of the State of New

York. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over

plaintiff's state law claims is asserted.

4.    Venue is laid within the United States District Court for the Southern District of New York

in that the defendant is located within, and a substantial part of the events giving rise to the

claim occurred within, the boundaries of the Southern District of New York, in the County

and Borough of the Bronx

## PARTIES

5.    Plaintiff, SHAWN CADLETT was and is a citizen of the United States and at all times

relevant hereto was in the County of Bronx, and State of New York.

6.    Defendant CITY was at all times relevant hereto, a municipal corporation, and a subdivision

of the State of New York, organized and existing pursuant to the Constitution and the laws

of the State of New York.

7.    Defendant CORRECTIONS was at all times relevant hereto, a subdivision, department or

agency of Defendant CITY.

8.    The NEW YORK CITY DEPARTMENT OF CORRECTIONS and its officers, agents

servants and/or employees, were, at all times relevant hereto, employees of Defendant

CITY, duly appointed and acting as officers, agents, servants and/or employees of defendant

CITY, acting in the course and scope of their employment as such and in furtherance of the

interests and business of their said employer.

9.    Defendants DOES were at all times relevant hereto, employees of the NEW YORK CITY

DEPARTMENT of CORRECTIONS.

10.    ***THE PAROLE DEFENDANTS*** were at all times relevant hereto, employees of the New

York State Division of Parole.

11.    At all times mentioned herein, the individual defendants and their officers,  agents, servants

and/or employees were acting under color of state law, to wit, under color of the statutes,

ordinances, regulations, policies, customs and usages of Defendant CITY and the State of

New York.

## NOTICE OF CLAIM

12.    Within 90 days following the successful termination of the detention of plaintiff arising from

this incident, plaintiff, pursuant to Section 50-e of the New York State General Municipal

Law, filed written Notice of Claim with Defendant ***CITY***. This matter has not been settled

or otherwise disposed of.

## FACTUAL ALLEGATIONS

13.    On or about September 13, 1999, plaintiff SHAWN CADLETT was sentenced to a term of

imprisonment of not less than three nor more than six years with a maximum expiration date

of his incarceration to be on August 31, 2006.

14.    Plaintiff SHAWN CADLETT was paroled on October 8, 2004.

15.    On or about June 6, 2006 plaintiff CADLETT was re-detained by defendants CITY and

CORRECTIONS for an alleged parole violation.

16.    By on or about August 31, 2006, plaintiff CADLETT's maximum expiration date, a final

parole revocation hearing had not yet been held.

17.    On the maximum expiration date of August 31, 2006, plaintiff SHAWN CADLETT

demanded his release of defendants CITY and CORRECTIONS, *and THE PAROLE DEFENDANTS,* and their officers, agents, servants and/or employees.

18.    On or about August 31, 2006, and for about fourteen days thereafter, defendants CITY and CORRECTIONS, *and THE PAROLE DEFENDANTS*, and their officers, agents, servants and/or employees, and *those* defendants failed and refused to release plaintiff CADLETT from custody.

19.    From on or about August 31, 2006 to on or about September 14, 2006, defendants CITY, CORRECTIONS, *and THE PAROLE DEFENDANTS*, and their officers, agents, servants and/or employees, and defendants DOE continued to fail and refuse to release plaintiff CADLETT, thus falsely imprisoning and over-detaining CADLETT and subjecting him to repeated illegal strip searches of his person (illegal because, at least, he was being held illegally) and searches of his property, without just, reasonable, lawful or proper cause to over-detain, falsely imprison and search him.

20.    Upon information and belief, defendants CITY, CORRECTIONS, *and THE PAROLE DEFENDANTS*, and their officers, agents, servants and/or employees, and defendants DOE continued to fail and refuse to release plaintiff CADLETT, thus falsely imprisoning, over-detaining and illegally strip searching CADLETT without just, reasonable, lawful or proper cause.

21.    Upon information and belief, defendants CITY, CORRECTIONS, *and THE PAROLE DEFENDANTS*,  and their officers, agents, servants and/or employees, and defendants DOE, with deliberate disregard for proper, lawful, appropriate, correct, and effective behaviors and procedures, imprisoned, over-detained and illegally strip searched plaintiff

SHAWN CADLETT when it was not right, just, lawful, proper, or necessary to do so.

22.     From on or about August 31, 2006 through on or about September 14, 2006, employees of defendant CITY, including CORRECTIONS, and their officers, agents, servants and/or employees, and defendants DOE , ***and THE PAROLE DEFENDANTS***, acting in concert, maliciously and with intent to injure plaintiff SHAWN CADLETT, and without just cause or any right to do so, imprisoned, jailed,  over-detained and strip searched  him and restrained him of his liberty, against the will of the plaintiff.

23.     The over-detention and imprisonment of the plaintiff by the individual defendants was perpetrated by the individual defendants without legal process and without probable cause

24.     Defendants acted maliciously and intentionally, negligently and/or grossly negligently.

25.     Plaintiff was thereupon and thereafter detained and restrained of his liberty and freedom, on account of the unlawful and wrongful acts and/or omissions of the defendants, and was unlawfully confined at the George Motchan Detention Center on Rikers Island, located in the County and Borough of the Bronx, with a postal address at 15-15 Hazen Street, East Elmhurst, New York, from August 31, 2006 through September 14, 2006.

26.     On or about September 14, 2006, through no act of the defendants whatever, the plaintiff was released from his unlawful confinement and detention.

27.     As a direct and proximate result of the acts of the defendants, plaintiff suffered severe and permanent damages including, but not limited to:

Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person,

    a.      humiliation,

      b.      loss of liberty,

      c.      violation of his person,

      d.      emotional distress and

      e.      mental anguish.

28.    The actions of the individual defendants violated a clearly established and well settled federal constitutional rights of plaintiff: Freedom from the unreasonable seizure and/or detention of his person

.

## FIRST COUNT
### (42 U.S.C. SECTIONS 1983 and 1985
### AGAINST INDIVIDUAL DEFENDANTS)

29.    Paragraphs 1 through 28 are incorporated herein by reference.

30.    Defendants DOE, *and THE PAROLE DEFENDANTS*,  acting in concert and under the color of state law, have deprived plaintiff  SHAWN CADLETT of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Sections 1983 and 1985. As a result, plaintiff SHAWN CADLETT claims damages for the injuries set forth above.

## SECOND COUNT
### (FALSE ARREST & IMPRISONMENT)

31.    Paragraphs 1 through 30 are incorporated herein by reference. Defendants subjected plaintiff SHAWN CADLETT to over-detention, imprisonment, and deprivation of liberty without probable cause. As a result of the over-detention, imprisonment, and deprivation of liberty,

plaintiff SHAWN CADLETT claims damages for the injuries set forth above.

## THIRD COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANT CITY and CORRECTIONS - *RESPONDEAT SUPERIOR*)

32.  Paragraphs 1 through 31 are incorporated herein by reference. Defendants CITY and CORRECTIONS are liable for the damages suffered by the plaintiff SHAWN CADLETT as a result of the conduct of their officers, agents, servants and employees, under the doctrine of *respondeat superior.* Defendants CITY and CORRECTIONS, by their officers, agents, servants and employees, subjected plaintiff SHAWN CADLETT to over-detention, false imprisonment, embarrassment, shame and public humiliation, and loss of income. As a result plaintiff SHAWN CADLETT claims damages against defendants CITY and CORRECTIONS for the injuries set forth above

## FOURTH COUNT
## (MUNICIPAL LIABILITY AGAINST DEFENDANTS CITY and CORRECTIONS 42 U.S.C. SECTION 1983)

33.  Paragraphs 1 through 32 are incorporated herein by reference. Defendants CITY and CORRECTIONS knew or should have known of their officers', employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above. Prior to August 31, 2006 , defendants developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in Rikers Island facilities, which policies and/or customs caused the violation of plaintiff SHAWN CADLETT's rights. Upon information and belief, it was the policy and/or custom of defendants CITY and CORRECTIONS to ignore an inmate's right to due process, to improperly and inadequately perform the duties of their offices to include record-keeping and maintenance, and acts of

misconduct were instead tolerated by defendants CITY and CORRECTIONS, including, but not limited to incidents where defendants CITY and CORRECTIONS and their supervisors, officers, employees, agents, or servants have in the past over-detained, falsely imprisoned and performed illegal strip searches and to cover up and hide their wrongful conduct. It was the policy and/or custom of defendants CITY and CORRECTIONS to fail to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct, thereby failing to adequately discourage further constitutional violations on the part of their officers, employees, agents, or servants. The CITY and CORRECTIONS did not require appropriate in-service training or re-training of officers, employees, agents, or servants who were known to have engaged in misconduct nor to allow them to detect miscalculations or other errors perpetrated by officers of the New York State Division of Parole, such as defendants ROE.

34.    As a result of the above described policies and/or customs, officers, employees, agents, or servants of the CITY and CORRECTIONS believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. The above policies and/or customs demonstrated a deliberate indifference on the part of policymakers of the  to the constitutional rights of persons within the correctional system, and were the cause of the violations of plaintiff's rights alleged herein. As a result of the wrongful, deliberately indifferent and illegal acts of defendant plaintiff SHAWN CADLETT claims damages against defendants for the injuries set forth above.

**FIFTH COUNT**

**(NEGLIGENCE AND GROSS NEGLIGENCE**
**AGAINST DEFENDANTS DOE**, *AND THE PAROLE DEFENDANTS*, )

35.     Paragraphs 1 through 34 are incorporated herein by reference. Defendants DOE ***and THE***

***PAROLE DEFENDANTS*** knew or should have known and maintained the policies,

procedures and/or customs of their employment/job function and/or capacity, to properly and

adequately perform the duties of their offices to include record-keeping and maintenance and

not ignore an inmate's right to due process, namely plaintiff CADLETT's rights.

36      Sometime on or following September 13, 1999, defendants DOE so negligently and grossly

negligently carried out the duties of their positions with CORRECTIONS as to cause, suffer

and permit the unlawful over detention of plaintiff as herein alleged.

37.     Sometime on or following June 6, 2006, defendants DOE so negligently and grossly

negligently carried out the duties of their positions with CORRECTIONS as to cause, suffer

and permit the unlawful over detention of plaintiff as herein alleged.

38.     Sometime on or following September 13, 1999, ***THE PAROLE DEFENDANTS*** so

negligently and grossly negligently carried out the duties of their positions with the New

York State Division of Parole as to cause, suffer and permit the unlawful over-detention of

plaintiff as herein alleged.

39.     Sometime on or following June 6, 2006 ***and THE PAROLE DEFENDANTS*** so negligently

and grossly negligently carried out the duties of their positions with the New York State

Division of Parole as to cause, suffer and permit the unlawful over detention of plaintiff as

herein alleged.

40.     By reason of the negligence and gross negligence of ***THE PAROLE DEFENDANTS, and***

defendants DOE, plaintiff was deprived of his liberty, falsely imprisoned, wrongfully

detained, unlawfully strip searched, over-detained and suffered damage thereby, as elsewhere herein alleged.

   **WHEREFORE,** plaintiff demands judgment against the defendants, jointly and severally for compensatory damages on each Cause of Action; for punitive damages on each Cause of Action; awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and granting such other and further relief as this Court deems just and proper.


**JURY DEMAND**

Plaintiff demands a trial by jury.

Blauvelt, New York
This 10 day of January, 2008


         **Michael R. Scolnick, P.C.**

         By: /S/Michael R. Scolnick

         Michael R. Scolnick   MS9984
         Attorneys for plaintiff
         175 Burrows Lane,
         Blauvelt, New York 10913
         Phone: (845) 354-9339
         Fax:(845) 365-1506
         E-Mail: Scollaw@optonline.net