Sullivan, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SHAWN CADLETT (a/k/a/ SEAN CADLETT),

                                Plaintiff,

-against-

CITY OF NEW YORK, the NEW YORK CITY
DEPARTMENT OF CORRECTIONS, "JOHN DOE One
through Five," names being fictitious, true names being
unknown to plaintiff, persons intended being those
employees of the New York City Department of
Corrections whose acts or omissions resulted in the events
complained of in this action; Senior Parole Officer W.
SCOTT, Area Supervisor A.E. PRESTON, Parole Officers
"RICHARD" DICKERSON, first name being fictitious,
true name unknown to plaintiff, Parole Revocation
Specialist D. WHITE, and Supervising Parole Revocation
Specialist DOREEN KOSTNER, employees of the New
York State Division of Parole whose acts or omissions
resulted in the events complained of in this action,

                                 Defendants.

------------------------------------------------------------------- x

**STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL AS AGAINST
THE CITY DEFENDANTS**

07 Civ. 6795 (RJS)



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED: 3/28/08

       **WHEREAS**, plaintiff commenced this action by filing a complaint on or about July 27, 2007, against defendants City of New York and the New York City Department of Correction (hereinafter the "City defendants"), and on or about January 16, 2008, plaintiff filed an amended complaint adding "Senior Parole Officer W. Scott," "Area Supervisor A.E. Preston," "Parole Officers "Richard" Dickerson," "Parole Revocation Specialist D. White," and "Supervising Parole Revocation Specialist Doreen Kostner" (hereinafter the "State defendants") as defendants, alleging that the defendants violated plaintiff's civil rights pursuant to 42 U.S.C. § 1983; and

WHEREAS, City defendants have denied any and all liability arising out of plaintiff's allegations; and

WHEREAS, the City defendants and plaintiff now desire to resolve the issues raised against the City defendants in this litigation, without further proceedings and without admitting any fault or liability;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-referenced action is hereby dismissed as against the City Defendants, with prejudice, and without costs, expenses, or fees in excess of the amount specified in paragraph "2" below.

2. Defendant City of New York hereby agrees to pay plaintiff SHAWN CADLETT the sum of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500) in full satisfaction of all claims made against the City defendants, including claims for costs, expenses, and attorney fees. In consideration for the payment of this sum, plaintiff agrees to the dismissal of all the claims against the named City defendants, the City of New York and the New York City Department of Correction, with prejudice, and to release all of the City defendants, including the defendant named herein as "JOHN DOE One through Five,'" and any present or former employees or agents of the City of New York, or any agency thereof, including, but not limited to, the New York City Department of Correction, from any and all liability, claims, or rights of action under state or federal law arising from and contained in the complaint in this action, including claims for costs, expenses and attorney fees.

2

3. Plaintiff shall execute and deliver to the City defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of No Liens.

4. Nothing contained herein shall be deemed to be an admission by any of the City defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York, the New York City Police Department or the New York City Department of Correction.



6.  This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:  New York, New York
        3/28, 2008

Michael R. Scolnick, P.C.
Attorney for Plaintiff
175 Burrows Lane
Blauvelt, New York 10913

By: _____
    Michael R. Scolnick, Esq.
    Attorney for Plaintiff

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for defendants City of New York
and the New York City Department of
Correction
100 Church Street, Room 3-195
New York, New York 10007
(212) 788-0422

By: _____
    Morgan D. Kunz
    Assistant Corporation Counsel

SO ORDERED:

_____
HON. RICHARD J. SULLIVAN, U.S.D.J.

3/28/08

4