UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SHAWN CADLETT, a/k/a SEAN CADLETT,    :

                                   :

                 Plaintiff,

                                   :

               -against-           :

CITY OF NEW YORK, et. al               :
                                   :

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ANSWER ON BEHALF
OF STATE DEFENDANTS**

07CV6795 (RJS)(DCF)
ECF
**JURY TRIAL DEMANDED**

       Defendants, Senior Parole Officer William Scott, s/h/a W. Scott, Supervising Parole

Officer Alan Eugene Preston, s/h/a Area Supervisor A.E. Preston, Parole Officer Pamela

Dickerson, s/h/a "Richard" Dickerson, Parole Revocation Specialist Deborah Raiford, s/h/a  D.

White, and Supervising Parole Revocation Specialist  Doreen Kostner, [1] ("State Defendants"),

employees of the New York State Division of Parole ("Division" or "DP"),  by their Attorney,

Andrew M. Cuomo, Attorney General of the State of New York, deny all allegations not

expressly and  specifically admitted  and  answer the Amended Complaint ('AC")  as follows:[2]

       1. State defendants admit the allegations in paragraph 1 of the AC to the extent that they

are employed by the DP in the capacities stated above  with such and only such duties and

responsibilities incumbent to those positions, deny the allegations of wrongdoing against them or

that plaintiff is entitled to the relief requested,  and further state that no response is required as to

the allegations against non state-defendants. To the extent a response is required, state

---

   [1]    Defendant Kostner is presently Parole Area Supervisor in the DP Bronx I Office.

   [2]    Co-defendants, City of New York, New York City Department of Correction and "John
Doe 1-5" are not represented by the Office of the Attorney General of the State of New York.

defendants deny for lack of sufficient  knowledge and information  the allegations against non state-defendants.

2. State defendants deny the allegations of wrongdoing against them in  paragraphs  2, 18, 19, 20, 21, 22, 35 and 40 of the AC, and state that no response is required as to the allegations against non state-defendants. To the extent a response is required, state defendants deny for lack of sufficient  knowledge and information  the allegations against non state-defendants

3. Responding to the allegations in paragraphs 3 and 4 of the AC, state defendants admit that plaintiff claims to invoke the jurisdiction of  this Court, and admit  that plaintiff claims to bring this action pursuant to the cited provisions of law.

4. State defendants deny for lack of sufficient  knowledge and information the allegations in paragraphs 5, 9, 11, 12, 17, 32, 33, 34, 36 and 37.

5. State defendants admit the allegations in paragraphs 6, 7, 8 , 13, 14, 15, 16.

6. Responding to paragraph 10 of the AC,  state defendants admit that during the time alleged in the AC,  they were employed by the DP in the positions set forth, above,  with such and only such duties and responsibilities incumbent to those positions.  State defendants deny that there is any basis for this action and deny any alleged wrongdoing.

7.  State defendants deny the allegations in paragraphs 23, 24, 28. 38. and 39 of the AC.

8.  State defendants admit the allegations in  paragraphs 25 and 26 of the AC to the extent that plaintiff was released from Rikers Island on September 14, 2006 and deny all allegations of wrongdoing in those paragraphs.

9.  In response to Paragraph 27 (a-e), this paragraph alleges conclusions of law to which no response is required. To the extent a response is required, state defendants deny allegations of wrongdoing and deny that plaintiff is entitled to the relief requested.

10.  Answering paragraph 29 of the AC, state defendants repeat their responses to the referenced paragraphs.

11.  Answering paragraph 30 of the AC,  this paragraph alleges conclusions of law to which no response is required. To the extent a response is required, state defendants deny any wrongdoing or otherwise violated the cited provisions of law and further state that plaintiff is not entitled to the relief requested.

12.  Answering paragraph 31 of the AC, state defendants repeat their responses to the referenced paragraphs and deny the allegations of wrongdoing set forth in paragraph 31.

13.  With respect to the "Wherefore" clause  of the AC,  no response is required.  To the extent a response is required, state defendants deny that plaintiff is entitled to any  relief.

## DEFENSES

### FIRST DEFENSE

14.    The AC fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

15.    State defendants acted under the objectively reasonable belief that their acts were proper and in accord with the law, and therefore, to the extent sued for damages in their individual capacities, they are entitled to qualified immunity.

3

**THIRD DEFENSE**

16.     The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct state defendants are not responsible.

**FOURTH DEFENSE**

17.     State defendants had no personal involvement in the events alleged to have caused plaintiff's injuries.

**FIFTH  DEFENSE**

18.     Plaintiff's claims against defendants  in their official capacities are barred by operation of the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

**SIXTH DEFENSE**

19.     Plaintiff's  claims are barred, in whole or in part, by his failure to satisfy jurisdictional or administrative prerequisites and/or failure to exhaust administrative remedies.


**SEVENTH DEFENSE**

20.     The injuries allegedly suffered in this matter by plaintiff are solely and exclusively the product of his own action.

**EIGHTH DEFENSE**

21.     The alleged conduct was properly within the discretionary authority committed to state defendants to perform their official functions, and the relief prayed for would constitute an improper intrusion into said discretionary authority.

4

**NINTH DEFENSE**

22.    This Court lacks jurisdiction over the subject matter of the causes of action set forth in the AC because the federal claims do not rise to a constitutional level.

**TENTH DEFENSE**

23.    Plaintiff cannot demonstrate physical injuries which would entitle him to monetary damages pursuant to 42 U.S.C. § 1997e(e).

**ELEVENTH DEFENSE**

24.    Plaintiff's claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel, or alternatively the court should refrain from exercising jurisdiction pursuant to the abstention doctrines set forth in the case law of the United States Supreme Court.

**TWELFTH DEFENSE**

25.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**WHEREFORE**, state defendants respectfully request dismissal of the Complaint in its entirety,  together with costs and any other relief which the Court deems to be just and proper.

Dated: New York, New York
        June 3, 2008

                              Respectfully submitted,

                              ANDREW M. CUOMO
                              Attorney General of the

State of New York
<u>Attorney for Defendants</u>
By:

_____

DONALD NOWVE
Assistant Attorney General
120 Broadway
New York, New York 10271
    (212) 416-8227

To: Attorney Michael R. Scolnick
    <u>Attorney for Plaintiff</u>
    175 Burrows Lane
    Blauvelt, New York    10913
    (845) 354-9339

6

## DECLARATION OF SERVICE

DONALD NOWVE, pursuant to 28 U.S.C. § 1746, declares under perjury as follows: that on June 3, 2008   I caused to be served one copy of the annexed Answer, upon the following person:

> Attorney Michael R. Scolnick
> Attorney for Plaintiff
> 175 Burrows Lane
> Blauvelt, New York    10913
>     (845) 354-9339

by depositing the document in a sealed, properly addressed envelope, with postage prepaid, in an official depository of the United States Postal Service within the State of New York.

Executed on June 3, 2008

_____
DONALD NOWVE